**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

*In re* **B.S.**

**No. 24-732** (Wayne County CC-50-2023-JA-67)

**MEMORANDUM DECISION**

Petitioner Mother K.S.[1] appeals the Circuit Court of Wayne County's November 18, 2024, order terminating her parental rights to B.S., arguing that the circuit court erred in denying her an extension to her post-dispositional improvement period and terminating her parental rights.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

In August 2023, the DHS filed a petition alleging that the petitioner's substance abuse resulted in the drug-affected birth of B.S. Subsequent to the petition's filing, the petitioner entered a drug treatment program.

In September 2023, at the adjudicatory hearing, the petitioner stipulated to abusing substances which affected her ability to properly parent. The court accepted the stipulation. At a subsequent hearing in November 2023, the court granted the petitioner's motion for a post-adjudicatory improvement period. During this improvement period, the petitioner relapsed when she left her treatment program. The petitioner admitted that she relapsed when visiting the child's father and the two used substances together. Later, the petitioner also admitted to a history of domestic violence with the father but claimed that she ended their relationship.

Subsequently, the petitioner was readmitted into a drug treatment program. The circuit court found she substantially complied with her post-adjudicatory improvement period and, in May 2024, granted her a post-dispositional improvement period. However, in June 2024, the petitioner relapsed again, setting her program completion date back to January 15, 2025. The DHS then filed a motion to terminate the petitioner's post-dispositional improvement period and her parental rights. The petitioner filed a motion for an extension of her improvement period.

---

[1] The petitioner appears by counsel D. Scott Bellomy. The West Virginia Department of Human Services ("DHS") appears by counsel Attorney General John B. McCuskey and Assistant Attorney General Heather L. Olcott. Counsel Sarah Van Horn appears as the children's guardian ad litem.

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

In November 2024, the circuit court held the final dispositional hearing. The DHS presented evidence of the petitioner's lack of parenting skills at the supervised visits, demonstrated by her minimal interaction and failure to feed the child properly. Evidence also showed that the petitioner still maintained a relationship with the father, as they resided together. The court found that the petitioner had been dishonest with the court about their relationship as she failed to inform the DHS about their relationship status throughout the action. The DHS noted that, even if the petitioner successfully completed her substance abuse treatment program, it would take months before proper reunification could occur because the petitioner had never had an unsupervised visit. Should the court extend the improvement period, the DHS argued the extension would leave the child in foster care for seventeen months at the very least, which was not in the child's best interests. Determining that an extension to the post-dispositional improvement period would place the child in foster care for over the statutory maximum of fifteen months and that such extension was not in the child's best interests, the court denied the petitioner's motion. The court then terminated her parental rights, finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future and that termination was necessary for the child's welfare.[3] The petitioner now appeals the court's order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). First, the petitioner argues that the circuit court erred in denying her an extension to her post-dispositional improvement period. We disagree.

Pursuant to West Virginia Code § 49-4-610(6), a court *may* grant an extension of an improvement period if it finds, among other things, that the petitioner "substantially complied with the terms of the improvement period . . . *and* that the extension is otherwise consistent with the best interest of the child." Yet, this extension is limited by West Virginia Code § 49-4-610(9), which prohibits improvement periods or extensions to "cause a child to be in foster care more than fifteen months of the most recent twenty-two months unless the court finds compelling circumstances by clear and convincing evidence that it is in the child's best interest to extend the time." Had the court granted an extension, the child would have been in foster care for at least seventeen months, which exceeds the statutory maximum. Furthermore, the petitioner had two separate relapse incidents, one of which occurred with the child's father with whom she still resided and maintained a relationship despite a history of domestic violence and substance abuse, indicating that the petitioner had failed to substantially comply with the post-dispositional improvement period. Additionally, testimony from the DHS detailed instances where the petitioner substantially lacked the parenting skills necessary to care for her child. The petitioner argues that she should have been given an extension to show that she *could* have completed her drug treatment program on time, but "courts are not required to exhaust every speculative possibility of parental improvement" before proceeding to disposition. Syl. Pt. 4, in part, *In re Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875 (quoting Syl. Pt. 1, in part, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980)). As such, the circuit court had ample evidence to find that granting an extension of the petitioner's post-dispositional improvement period was not in the best interest of the child. To the

---

[3] All parental rights to B.S. have been terminated. The permanency plan for B.S. is adoption by her current foster family.

extent that the petitioner argues that this Court should reweigh the evidence, we note that the weighing of evidence is the exclusive task of the circuit court as the finder of fact and will not be disturbed on appeal. *See In re D.S.*, 251 W. Va. 466, --, 914 S.E.2d 701, 707 (2025) ("We . . . do not reweigh the evidence or make credibility determinations."). Therefore, we conclude that the circuit court did not err in denying the petitioner an extension of her post-dispositional improvement period.

Lastly, the petitioner argues that the circuit court erred in terminating her parental rights because it was likely that she could correct the conditions of neglect within a reasonable time as she was only one month from graduating her treatment program. We again disagree. Critically, the petitioner relapsed twice during the proceedings, including once while actively participating in treatment. Given that the petitioner's successful completion of substance abuse treatment was speculative, the circuit court had ample evidence upon which to base its finding that there was no reasonable likelihood that the conditions of neglect could be substantially corrected in the near future. Furthermore, because of the need for the child to finally obtain permanency, the court found that termination was necessary for the child's welfare. We have consistently held that circuit courts are permitted to terminate parental rights upon these findings. *See* Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011) (permitting termination of rights "without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood . . . that conditions of neglect or abuse can be substantially corrected" (quoting Syl. Pt. 2, *In re R.J.M.*, 164 W. Va. 496, 266 S.E.2d 114 (1980))); W. Va. Code § 49-4-604(c)(6) (permitting termination of parental rights "[u]pon a finding that there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future and, when necessary for the welfare of the child"). Further, we note that "[i]n making the final disposition in a child abuse and neglect proceeding, the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). As set forth above, the petitioner not only failed to remedy the conditions of neglect but also failed to demonstrate appropriate parenting abilities during supervised visits and continued her relationship with the father with whom she had a history of domestic violence and substance abuse. Therefore, we conclude that the circuit court did not err in finding that termination of the petitioner's parental rights was in the child's best interests.

For the foregoing reasons, we find no error in the decision of the circuit court, and its November 18, 2024, order is hereby affirmed.

Affirmed.

**ISSUED**: September 30, 2025

**CONCURRED IN BY**:

Chief Justice William R. Wooton
Justice C. Haley Bunn
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Senior Status Justice John A. Hutchison